{¶ 28} I concur in the result reached by the majority, but do so for a different reason.
 {¶ 29} Unlike the majority, I do not find the trial court's findings were sufficient to support imposition of consecutive sentences. I do agree the reasons it stated were sufficient to support the requisite findings had they been made.
 {¶ 30} Appellee proffers an interesting response. Is the trial court's error in failing to make the requisite findings waived if no objection is entered by the defendant at the sentencing hearing?[1] I conclude it is waived where, as here, the trial court states its reasons for consecutive sentences on the record. Accordingly, appellant must demonstrate plain error to succeed on his appeal.[2] Because it is not clear the sentence would have been different had appellant timely objected to the sentence, I find no plain error exists in the case sub judice.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
[1] Appellee also argues the Comer decision is inapplicable because this is a delayed appeal and Comer was decided after the original time for appeal had expired. Even if retroactive application of Comer is not required, its rationale is still persuasive and available for this Court's use and analysis.
[2] It is arguable the failure of the trial court to state its reasons for consecutive sentences, even though it has made the requisite findings, may constitute plain error because without compliance with the statutory mandate to state reasons, effective appellate review of the imposition of consecutive sentences would be restricted and unnecessarily speculative.